# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN A. NORDBERG | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1182 | **DATE** | March 20, 2009 |
| **CASE TITLE** | James Lopez (B-63076) v. Cermak Health Service of Cook County, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's current place of incarceration to deduct $ 17.58 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee. The Clerk shall send a copy of this order to the trust fund officer at East Moline Correctional Center. The Clerk shall issue summons to defendant Kevin Sim and attach a Magistrate Judge Consent Form to the summons for defendant, and send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order. Defendants Cermak Health Service of Cook County and Cook County Jail Div. 9 are dismissed from this action. Plaintiff's motion to appoint counsel [4] is denied.

■ [For further details see text below.]                                                          Docketing to mail notices.

## STATEMENT

     Plaintiff James Lopez is granted leave to file *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $ 17.58. The trust fund officer at Plaintiff's current place of incarceration is ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

     Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

Plaintiff alleges that Defendant was deliberately indifferent to his serious medical needs when he was detained at Cook County Jail. He has named the Cermak Health Service of Cook County, Kevin Sim, and Cook County Jail Div. 9 as his defendants.

Neither the Cook County Jail Div. 9, *see Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993), nor the Cermak Health Service of Cook County is a suable entity, *see Glass v. Fairman*, 992 F.Supp. 1040, 1043 (N.D. Ill. 1998, Norgle, J.). These defendants are accordingly dismissed from this action. However, Plaintiff may proceed on his complaint as to Kevin Sim.

The United States Marshals Service is appointed to serve defendant Kevin Sim. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve defendant. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.